```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CROWN CASTLE USA INC., CROWN
CASTLE GT COMPANY LLC, CROWN
CASTLE ATLANTIC LLC, CROWN
ATLANTIC COMPANY LLC and CROWN
COMMUNICATION INC.,

                        Plaintiffs,           05-CV-6163T

        v.                                    DECISION
                                              and ORDER
FRED A. NUDD CORPORATION, UNDERHILL
CONSULTING ENGINEERS, P.C., GEORGE R.
UNDERHILL, STEVEN F. CARINI and DEREK
R. HARTZELL,

                        Defendants.
_____
```

## INTRODUCTION

Crown Castle USA Inc., Crown Castle GT Company LLC, Crown Castle Atlantic LLC, Crown Atlantic Company LLC and Crown Communication Inc., (collectively "Crown") brings this action against Fred A. Nudd Corporation ("Nudd"), Underhill Consulting Engineers, P.C. ("Underhill"), George R. Underhill ("George Underhill"), Steven F. Carini ("Carini") and Derek R. Hartzell ("Hartzell") (collectively "defendants") alleging breach of contract and that certain defendants, including Hartzell committed professional negligence in performing their work for plaintiffs.

Hartzell, proceeding pro se moves to dismiss the Complaint as to him on grounds that: (1) there were no problems relating to the design of the monopoles and/or towers approved by Hartzell, which Crown claims are defective; (2) one of the designs for the monopoles he approved that Crown contends was defective, was completed while he was an employee of Nudd; and (3) Crown did not

comply with the time limits for responding to interrogatories. Plaintiff Crown opposes the motion on the grounds that it has stated a cause of action against Hartzell and issues of fact preclude Hartzell's dismissal at this time.

For the reasons set forth below, Hartzell's motion to dismiss seeking to be dismissed from this action is denied.

## BACKGROUND

Crown filed a Complaint against defendants on April 8, 2005 alleging that Nudd designed, fabricated and constructed monopoles for Crown that contained numerous design and construction defects. Crown also alleged that the other defendants were professional engineers who prepared and/or reviewed the defective and faulty drawings and/or specifications used by Nudd to construct the defective monopoles.  Specifically, Crown alleged that Hartzell performed engineering and consulting services for Nudd on the Crown and/or Crown-acquired monopoles.  In addition, Crown claimed that Hartzell prepared and/or reviewed the defective and faulty drawings and/or specifications used by Nudd to construct the Crown and/or Crown-acquired monopoles.  According to Crown, Hartzell's work failed to meet generally accepted industry standards.

On June 6, 2005, Hartzell filed a letter to answer the allegations of the Complaint.  In his Answer, Hartzell generally denies the allegations in the Complaint regarding the defective monopole designs.  However, Hartzell admits that he performed work for Nudd.  In Hartzell's letter in support of his motion to dismiss, Hartzell argues that the monopoles identified by numbers

801344, 816574, 816603, 816633, 816666, 816686, 816697 and 816734 "met all current standards" and there are no "problems relating to the design of any of these 8 towers approved" by Hartzell. See Hartzell's Motion at p. 1. There were two other monopoles that Crown alleges Hartzell designed and reviewed and are identified by numbers 816716 and 851875. Hartzell contends that he reviewed monopole number 851875 while employed by Nudd and thus any liability arising from this monopole is the legal responsibility of Nudd. As to monopole number 816716 Hartzell argues that it was designed for construction under Carini and not Hartzell.

Furthermore, Hartzell requests that he be dismissed from this case due to Crown's failure to abide by strict time limits for responding to interrogatories. Counsel to Underhill served interrogatories to Crown on December 20, 2005. Crown and Underhill agreed to an extension of time to respond to the interrogatories. On March 24, 2006, Crown served its answers to Underhill's interrogatories on all defendants. In it's answers, Crown agreed to make available for inspection and copying the various structural analysis reports prepared by Crown's consultant that detail the defective conditions of the monopoles at issue in this case.

## DISCUSSION

### I. Defendant's Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a

3

Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3d 21, 22 (2nd Cir. 1993), cert. denied, 513 U.S. 1014, 115 S.Ct. 572 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). For the reasons set forth below, I hereby deny Hartzell's motion to dismiss seeking dismissal from this action.

## II.  Crown Has Stated a Professional Negligence Claim Against Hartzell and Issues of Fact Preclude Hartzell's Dismissal

To plead a professional negligence claim, a plaintiff must allege that in performing services, defendant departed from the accepted standards of practice and that departure was a proximate cause of the harm to plaintiff. See Bastys v. Rothschild, 2000 WL 1810107 *52 (S.D.N.Y. 2000); Herbert H. Post & Co. v. Sidney Bitterman, Inc., 219 A.D.2d 214 (1st Dept. 1996). Here, in support of its professional negligence claim against Hartzell, Crown has specifically alleged that: 1) Hartzell was obligated to provide professional engineering and design services to Crown in accordance with the monopoles specifications and generally accepted industry standards; 2) Hartzell owed Crown a duty to utilize his professional skill, knowledge and expertise in accordance with

4

applicable professional standards; 3) Hartzell breached his professional duty of care by failing to design monopoles in accordance with the specifications and generally accepted industry standards; and 4) Hartzell's actions created over stressed monopoles that caused Crown specific damages to repair the monopoles. See Complaint ¶¶ 41, 69-72.

Viewing the facts set forth in the Complaint in the light most favorable to Crown under the Rule 12(b)(6) standard, Crown has stated a cause of action against Hartzell. Moreover, Crown alleges in its Complaint that the monopole designs were defective. See Complaint ¶ 71. However, Hartzell's motion is based on his contention that the monopole designs were not defective, which are contrary to the allegations in the Complaint. Thus, there is a factual dispute regarding whether Hartzell's monopole designs were defective, making it improper to dismiss Hartzell from this action.

### III. Hartzell's Request For Dismissal From This Action Based on Untimely Responses To Discovery is Improper and Moot

Hartzell also seeks dismissal contending that Crown did not serve responses within thirty days to Underhill's Interrogatories. However, Hartzell's argument does not set forth a valid basis to obtain dismissal from this action. As discussed above, Crown obtained an extension of time to serve answers to Underhill's discovery requests and timely served responses on all defendants. Thus, Hartzell's argument is moot.

## **CONCLUSION**

For the reasons stated above, Hartzell's motion to dismiss is denied.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          October 10, 2006