UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CROWN CASTLE USA INC., CROWN
CASTLE GT COMPANY LLC, CROWN
CASTLE ATLANTIC LLC, CROWN
ATLANTIC COMPANY LLC and CROWN
COMMUNICATION INC.,

                           Plaintiffs,            05-CV-6163T

              v.                              **DECISION
and ORDER**

FRED A. NUDD CORPORATION, UNDERHILL
CONSULTING ENGINEERS, P.C., GEORGE R.
UNDERHILL, STEVEN F. CARINI and DEREK
R. HARTZELL,

                        Defendants.
_____

## <u>INTRODUCTION</u>

Crown Castle USA Inc., Crown Castle GT Company LLC, Crown Castle Atlantic LLC, Crown Atlantic Company LLC and Crown Communication Inc., (collectively "Crown") brings this action against Fred A. Nudd Corporation ("Nudd"), Underhill Consulting Engineers, P.C., George R. Underhill (collectively ("Underhill"), Steven F. Carini ("Carini") and Derek R. Hartzell (collectively "defendants") alleging breach of contract and professional negligence as to certain defendants in performing their work.

Underhill moves for summary judgment seeking dismissal of Crown's professional negligence claim regarding thirty-seven of the thirty-nine monopoles[1] at issue in this case. Underhill claims that it seeks summary judgment with regard to twenty-two monopoles for

---

[1]Crown owns wireless communication towers referred to as monopoles, which are large steel poles used to support cell phone antennae. The monopoles at issue were manufactured by Nudd and purchased by Crown either directly from Nudd or from third parties that bought from Nudd. Crown claims that the monopoles were defectively designed and/or constructed. Thirty-nine of the monopoles owned by Crown are the subject of this litigation.

which it has no relationship and for which it provided no professional services. In addition, summary judgment is also sought concerning the remaining fifteen monopoles since any professional services Underhill may have provided were completed on or before November 1, 2001, a date more than three years before the commencement of this action on April 8, 2005 and thus barred by the statute of limitations under New York's CPLR 214(6). Further, Underhill moves for summary judgment dismissing Carini's cross-claim for contribution and indemnity.[2]

Crown opposes Underhill's motion, and contends that discovery in this case is ongoing and the facts that have been developed to date indicate that there are numerous questions of fact, which preclude this Court from granting Underhill's motion. Moreover, Crown argues that under Federal Rule of Civil Procedure 56(f), this Court should allow the parties to continue with discovery since additional discovery will develop facts related to Underhill's knowledge of the defect in Nudd's monopoles, the time period for which Underhill provided professional services to Nudd and Crown and Underhill's alleged failure to inform Crown of the alleged potential and/or actual problems with the monopoles.

For the reasons set forth below, Underhill's motion for summary judgment seeking dismissal with respect to Crown's professional negligence claim is denied and Underhill's motion for

---

[2]Underhill also moved for dismissal of Nudd's cross-claim asserted against Underhill. However, subsequent to filing the summary judgment motion, a Stipulation and Order of Voluntary Discontinuance was signed by counsel for both Underhill and Nudd wherein the cross-claims asserted by both parties were dismissed with prejudice. Thus, this portion of the summary judgment motion is moot.

summary judgment seeking dismissal of Carini's cross-claims for contribution and indemnity is also denied.

## BACKGROUND

Crown filed a Complaint against defendants on April 8, 2005 alleging that Nudd designed, fabricated and constructed monopoles for Crown that contained design and construction defects. Crown also alleged that the other defendants were engineers who prepared and/or reviewed the defective drawings and/or specifications used by Nudd to construct the defective monopoles. Specifically, Crown's professional negligence claim against Underhill alleges that Underhill failed to exercise the requisite professional skill in reviewing the design documents for the monopoles.

The design of the monopoles was initially created by Nudd. However, Nudd also hired independent engineers to review and stamp the design documents for each monopole. Underhill verbally agreed with Nudd to review and stamp the design documents of certain monopoles. Further, Nudd hired Carini and Hartzell to review and stamp certain of the monopoles not reviewed by Underhill. According to Underhill, there was no contractual relationship between Crown or any of the other entities which purchased monopoles from Nudd. Similarly, Underhill had no contractual relationship with Carini or Hartzell and professional services provided by Underhill were separate from services provided by other defendants.

Underhill argues that its professional services were limited to reviewing and then stamping the design documents for certain of the monopoles at issue. Underhill's professional services with

3

regard to those poles were completed no later than the date the design documents were stamped. Of the thirty-nine monopoles Crown has verified the following: Underhill provided services for ten of the monopoles; no engineer has been identified as having provided professional services for seven of the monopoles; and an engineer other than Underhill is identified as having provided professional services for the remaining twenty-two monopoles. See <u>Affidavit of George Underhill</u>. Crown concedes that the identities of the monopoles are not in dispute and to the best of its knowledge, Crown has identified which engineer performed the original monopole design.[3] <u>Affidavit of Kevin Barley</u>. However, Crown contends that this information was based on Crown's preliminary investigation and is subject to change due to the fact that discovery is ongoing.

Moreover, Crown claims that Nudd has not produced all documents responsive to Crown's discovery requests. While the parties have exchanged certain documents, Crown expects that additional documents, especially from Nudd, will be produced. Further, no depositions have been taken. Crown contends in their opposition filed on September 22, 2006 that defendants proposed that discovery not close for an additional six months. Indeed, on November 3, 2006 United States Magistrate Judge Marian W. Payson issued an amended scheduling order resetting deadlines for discovery (now due March 30, 2007), expert disclosure (April 16, 2007) and dispositive motions (by June 29, 2007).

---

[3] Crown has identified each monopole by business unit number ("BUN").

## DISCUSSION

### I.    Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Annis v. County of Westchester, 136 F.3d 239, 247 (2d Cir. 1998).

### II.   Underhill's Motion For Summary Judgment Is Premature

Crown opposes the motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, which provides that the Court may deny summary judgment where the opposing party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). The grant of relief pursuant to Rule 56(f) is within the discretion of the district court. See U.S. v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc., 995 F.2d 375 (2d Cir. 1993). To defeat summary judgment pursuant to Rule 56(f), plaintiff must describe (1) what facts are sought and

how they are to be obtained; (2) how those facts are reasonably
expected to create an issue of fact; (3) what effort has made to
obtain them; and (4) why those were unsuccessful. See Gurary v.
Winehouse, 190 F.3d 37, 43 (2d Cir. 1999); Paddington Partners v.
Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994) (citations omitted);
see also Am. Nat'l Red Cross v. Nichols Team, Inc., 434 F.Supp.2d
142, 143 (W.D.N.Y. 2006).

Underhill moves for summary judgment against Crown on grounds
that Underhill's services for certain monopoles[4] were completed no
later than November 1, 2001 and Crown's action was not commenced
until April 8, 2005, more than three years after Underhill's
services were completed and the accrual of Crown's cause of action.
Thus, Underhill contends that Crown's claims as to the above-
specified monopoles should be dismissed against Underhill since
they are time barred by the statute of limitations under CPLR
214(6).

In support of its motion Underhill relies solely on the date
stamped on its original design documents, which is November 1, 2001
and argues that all claims against Underhill must have been filed
within three years from that date. However, Crown contends that in
the limited discovery conducted to date, Underhill produced
hundreds of invoices that establish that Underhill performed design
work monthly for Nudd from 2001 and continuing until at least July
2004. As a result, fact issues remain with respect to whether some

---

[4]BUN 801343, 801719, 802128, 804636, 851860, 868142, 800629, 801511, 806335, 806682, 816529,
816594, 816887, 816718 and 816795

or all of these invoices relate to work Underhill performed for
Crown and Nudd. Indeed, Crown argues that certain documents have
been produced, which show that Underhill continued to work for Nudd
on at least one monopole after 2001.

While it is well established that CPLR 214(6) provides a
three-year statute of limitations for claims against engineers,
which accrue upon actual completion of the work to be performed and
consequent termination of the professional relations, Kliment v.
McKinsey, 3 N.Y.3d 538 (2004), it is equally clear that "completion"
of the work is not statutorily defined and must be judicially
interpreted on a case-by-case basis in light of the given situation
and responsibilities of the design professional. See Parsons
Brinckerhoff Quade & Douglas v. EnergyPro Constr. Partners, 271
A.D.2d 233, 234 (1st Dept. 2000). Moreover, to the extent that a
continuing professional services relationship existed, the statute
of limitations is tolled so long as the parties continue their
professional relationship to rectify the alleged malpractice. See
City of New York v. Castro-Blanco, Piscioneri & Assoc., P.C., 222
A.D.2d 226 (1st Dept. 1995); see also Hauppauge Union Free Sch.
Dist. v. Lawrence L. Smith Assoc., P.C., 216 A.D.2d 354, 355 (2d
Dept. 1995) (holding that resolution of whether a continuing
professional relationship existed created a question of fact).

Here, Crown has made the necessary showing under Rule 56(f)
that it is not able at this time to present all facts essential to
justify its opposition of Underhill's motion. Crown argues that it
served discovery on all defendants requesting communications

between Nudd and Underhill regarding the design, fabrication or construction of the monopoles, documents relating to Nudd's investigation of claims from other Nudd customers[5] that Nudd monopoles were negligently or defectively designed, overstressed or not capable of supporting the antenna loads for which they were intended. In addition, no depositions have been conducted at the time the motion was filed. Crown alleges that representatives of Underhill and Nudd have knowledge of the nature and timing of Underhill's involvement with the monopoles and documents and deposition testimony will reveal Underhill's factual relationship to the monopoles as well as when Underhill's professional relationship with Nudd ended.

These factual issues are critical to an analysis of Underhill's claim that the three-year statute of limitations provided in CPLR 214(6) bars Crown's claims against Underhill. Crown issued requests to Nudd to produce relevant information and upon receipt of Nudd's responsive documents, the parties can conduct depositions and other additional discovery regarding Crown's claims. After discovery is completed and to the extent that material facts are not in dispute, it may be proper to determine whether the statute of limitations as to Crown's claims against Underhill has expired. However, it seems clear that these and other issues cannot be resolved until the parties have completed

---

[5]According to Crown, on November 13, 2003, a monopole designed and constructed by Nudd for another company in Oswego unexpectedly collapsed. Shortly after Crown had knowledge of the collapse, it commenced an investigation of the Crown's own monopoles. Further, Crown also became aware in July 2003 that Nudd and Underhill had been defending a lawsuit for more than a year against SBA Network Services, Inc., another Nudd customer pertaining to alleged deficiencies in Nudd's and Underhill's design.

discovery. This is not a case where a party is opposing summary judgment based solely on the mere hope that further evidence may develop prior to trial that could possibly support its claim. <u>See Gray v. Town of Darien</u>, 927 F.2d 69, 74 (2d Cir. 1991); <u>see also Am. Nat'l Red Cross</u>, 434 F.Supp.2d at 144 ("Rule 56(f) discovery ...does not permit a plaintiff to engage in a 'fishing expedition'") (citations omitted). Rather, Crown has set forth the information it seeks that it reasonably expects will raise a genuine issue of material fact, and it should be permitted an opportunity to pursue reasonable discovery on these issues.[6]

### III. <u>Underhill's Motion for Partial Summary Judgment on Carini's Cross-Claim</u>

Underhill moves for partial summary judgment on Carini's cross-claim seeking indemnity or contribution from Underhill on the basis that Underhill and Carini did not both work on any of the monopoles relative to which Underhill seeks summary judgment, which are all monopoles except BUN 816745 and 816592. Underhill argues that since Carini has no basis to seek contribution or indemnity from Underhill relating to monopoles for which Underhill did not provide professional services, summary judgment dismissing Carini's cross-claims should be granted.

Underhill's motion for partial summary judgment on Carini's cross-claim is denied. While Crown concedes that the identities of

---

[6] The parties sought permission from the Court to extend the discovery schedule resulting in Magistrate Judge Payson's Amended Scheduling Order. Although discovery in this case has been somewhat delayed, it appears that it is currently underway. Underhill will suffer no prejudice by allowing this process to go forward, and it can file a subsequent motion for summary judgment at the conclusion of that process.

the monopoles are not in dispute and to the best of its knowledge, it has identified which engineer performed the original monopole design, Crown still contends that this information was based on preliminary investigation, which may be subject to change since discovery is ongoing. <u>Barley Aff</u>. Thus, questions of fact exist as to whether Underhill and Carini both worked on any of the seven monopoles where no engineer has yet been identified as having provided professional services. <u>See Underhill Aff</u>. Thus, it cannot be found as a matter of law on the status of this record that Carini is not entitled to contribution or indemnification.

## CONCLUSION

For the reasons stated above, Underhill's motion for partial summary judgment is denied without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

<u>   s/Michael A. Telesca   </u>
MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          March 1, 2007