UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CROWN CASTLE USA INC., et al.,

                Plaintiffs,            05-CV-6163

       v.                             **ORDER**

FRED A. NUDD CORPORATION, et al.,

                Defendant.
_____

**INTRODUCTION**

    Crown Castle USA, Inc., Crown Castle GT Company LLC, Crown Castle Atlantic LLC, Crown Atlantic Company LLC and Crown Communication Inc. (collectively, "Crown") bring this action against defendants Fred A. Nudd Corporation ("Nudd"), Underhill Consulting Engineers, P.C., George R. Underhill (collectively ("Underhill"), Steven F. Carini and Derek R. Hartzell alleging breach of contract, breach of express and implied warranty, professional negligence, fraud and misrepresentation related to the allegedly defective design of thirty-nine cellular telephone towers (known as "monopoles") that were designed and manufactured by Nudd.

    By order dated December 21, 2005, this case was referred to Magistrate Judge Marian W. Payson for pre-trial proceedings. On June 24, 2009 and July 21, 2009, defendants Nudd and Underhill respectively, filed motions for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure against Crown for spoilation

1

or destruction of evidence, the late production of certain documents and the failure to comply with this Court's May 3, 2007 discovery Order.[1] (Docket ##186, 193). Nudd and Underhill are seeking the dismissal of Crown's claims as a sanction.[2] Id. On March 31, 2010, Judge Payson issued a Report and Recommendation recommending that this Court grant the defendants' motions for sanctions and order that Crown pay the cost of additional depositions and reimburse defendants for their attorneys' fees and costs associated with the motions. (Docket #229 at 34). Judge Payson further recommended that this Court deny defendants' request for dismissal of Crown's claims. Id.

On April 19, 2010, Crown filed objections to Judge Payson's Report and Recommendation, contending that Judge Payson (1) erred in awarding attorney's fees and costs and in failing to provide a procedure to determine the reasonableness of the costs and fees awarded, (2) erred in requiring Crown to bear the costs of additional depositions without the appropriate limitations as to the scope and reasonableness of such depositions, and (3) erred in awarding sanctions regarding the production of certain engineering

---

[1] Underhill's motion incorporates Nudd's arguments and exhibits.

[2] Nudd and Underhill also seek sanctions for the alleged submission by Crown of affidavits which they allege Crown had reason to know where false. Judge Payson declined to reach this issue because it was previously raised in a Rule 11 motion that this Court has stayed pending the resolution of the instant motion. (See Report and Recommendation at 17, Docket ## 204, 211). This Court will address the Rule 11 issues separately in response to the Rule 11 motion.

2

reports which were the subject of a continued dispute between the parties as to the necessity of their production. (Docket #230 at 2-3).

For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety. Nudd and Underhill's motions for sanctions are granted and plaintiff is hereby ordered to bear the cost of additional depositions and to reimburse Nudd and Underhill for the attorney's fees and costs associated with the motions. Nudd and Underhill's request for dismissal of the complaint is denied.[3]

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

---

[3]This Court notes that the parties have entered into settlement discussions and, despite being give ample time and opportunity, the parties still have not settled this case. This Court has previously stayed the determination of motions and offered to defer motions to facilitate settlement. While this Order affirms and adopts Judge Payson's Report and Recommendation recommending sanctions against Crown, this Court reiterates that any sanctions imposed by this Court may be resolved by the parties as part of a global settlement of this action, and that this sanctions Order may be withdrawn upon consent of the parties.

28 U.S.C. § 636(b)(1). I apply this standard to the following analysis.

## BACKGROUND

The instant motion is one of several discovery disputes that have arisen over the course of this litigation. Nudd and Underhill are now seeking sanctions for Crown's destruction of documents of key individuals who had relevant knowledge of the facts underlying the case, for the late production of documents from the pre-November 2003 time period and for the failure to produce certain engineering reports. This Court assumes familiarity with the procedural and factual background of this case, as set forth in its prior decisions and in Judge Payson's Report and Recommendation, and thus this Court will not repeat all of the facts and procedural history, but will summarize only those facts pertinent to the instant motion for sanctions. See Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2007 WL 700901 (W.D.N.Y.2007); Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2008 WL 163685 (W.D.N.Y.2008); Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2008 WL 3841298 (W.D.N.Y. 2008); Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2009 WL 385442 (W.D.N.Y. 2009); Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2010 WL 1286366 (W.D.N.Y. 2010).

In 2006, Crown produced approximately 20,000 to 30,000 pages of documents pursuant to Nudd and Underhill's initial

interrogatories and document requests. None of those documents were dated prior to November 2003. Following subsequent discovery requests from Nudd and Underhill, Crown produced an additional 10,000 pages of documents, which still did not contain any pre-November 2003 documents. Nudd and Underhill questioned the absence of such documents, and Crown submitted a sworn affidavit, pursuant to Judge Payson's May 3, 2007 Order, that they had not chronologically limited their search to documents that post-dated November 2003.

In September 2008, Nudd discovered the computer of an employee, Clark Cogan ("Cogan"), who was terminated in 2002, but who had knowledge relevant to the case. Cogan's computer contained several e-mails between he and Andrew Bazinet ("Bazinet"), a Crown employee, which were dated between 2001 and 2003. Bazinet was an "Asset Specialist" who was responsible for Crown's monopoles and had significant knowledge of the facts underlying this case. Following this discovery, Nudd notified Crown, and in early 2009 Crown produced an additional 3,000 pages of documents, a large number of which pre-dated November 2003. Later, in August 2009, Crown produced another 22 e-mails from Jim Kyriacopoulus ("Kyriacopoulos"), who also had significant knowledge of the facts of this case. Additionally, in 2009, Crown produced several engineering reports by outside firms that had analyzed the Nudd monopoles. This production occurred only after Nudd received

5

several similar reports in response to FOIL requests to several municipalities.

Crown has also admitted that it did not institute a litigation hold and instead continued with its normal document retention policy, which required that electronic documents were deleted within two weeks of an employee's departure and that e-mails were deleted within 90 days of an employees's departure, despite anticipating litigation as early as August 2004. At least one Crown employee, Paul Lent ("Lent"), who Crown admitted would have had relevant e-mails or electronic documents due to his participation on an internal team formed to investigate and repair the Nudd monopoles, was terminated in 2005 and his documents were destroyed in accordance with Crown's document retention policy. Additionally, it is unknown whether employees who are still currently employed by Crown may have deleted documents that were relevant to the case.

Nudd and Underhill contend that Crown's 2009 document production, which included documents pre-dating November 2003 and certain engineering reports, contained documents that may have been relevant to this Courts 2008 decision to reconsider Nudd's successful motion for partial summary judgement and reinstate several of Crown's claims. See Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2008 WL 3841298 (W.D.N.Y. 2008). Additionally, Nudd contends that evidence was improperly spoiled or destroyed by Crown because of Crown's failure to institute a

litigation hold when they anticipated litigation regarding the Nudd monopoles.

## **DISCUSSION**

In her Report and Recommendation, Judge Payson found that Crown had a duty to preserve documents relevant to this case as early as August 2004, when Crown employees discussed possible insurance claims with respect to the Nudd monopoles and when in-house counsel recommended labeling communications related to Nudd monopoles as subject to either the attorney-client privilege or the work product doctrine. Judge Payson determined that this duty extended to the documents of Bazinet, Lent and Kyriacopoulos, who were likely to have knowledge relevant to the case.[4] Judge Payson also found that Crown acted with "gross negligence" in failing to preserve the documents of these employees and in failing to implement a litigation hold, but she declined to find that Crown acted in bad faith, as documents were carelessly, but not intentionally, destroyed. Judge Payson highlighted the large number of documents that were produced by Crown and the fact that Nudd had not shown that Crown's failure to produce certain documents prior to 2009 and the deletion Lent's documents amounted to anything more than carelessness. Therefore, Judge Payson found that Crown was culpable for the failure to preserve the documents of Lent, who was

---

[4]Nudd and Underhill also argued that the duty to preserve extended to several other Crown employees, but Judge Payson found that such employees, Doug Pineo and Dan Vadney, would not have had the requisite information to trigger such a duty.

terminated and whose documents were destroyed pursuant to Crown's internal document retention policy. However, as Nudd had not shown that the documents of other employees that may have been destroyed were relevant to the case or that Bazinet or Kyriacopoulus had deleted relevant documents, Crown was not culpable for the possible spoilation or destruction of those documents.

Judge Payson also found that Crown failed to timely produce documents pre-dating November 2003 and that its efforts to confirm the existence of any such documents were inadequate. Judge Payson declined to find that Crown violated the May 3, 2007 Order to confirm that the document search had not been chronologically limited, as Nudd had not shown that the search was chronologically limited, only that Crown's searching methods were inadequate and that documents were produced far later than was reasonable. In addition, Judge Payson stated that the failure to produce documents from Kyriacopoulos and certain engineering reports until 2009, despite the fact that such documents were responsive to Nudd and Underhill's discovery requests, was inexcusable. Therefore, Judge Payson determined that Rule 37 sanctions were appropriate for the spoilation or destruction of Lent's documents and for the late production of certain documents and the engineering reports.

Finally, Judge Payson found that the dismissal of Crown's claims was an extreme remedy that was inappropriate in this case as Crown had not acted in bad faith and Nudd and Underhill did not show

8

that they were actually or likely prejudiced. This Court agrees that the sanction of dismissal should only be used in the most extreme cases, and, in this case, Judge Payson's recommendation to deny Nudd and Underhill's request for dismissal was appropriate.

I. <u>Sanction for Late-Production of Documents</u>

Judge Payson recommended that the appropriate sanction for the late production of documents was to allow Nudd and Underhill to depose or re-depose witnesses and for Crown to bear the cost of such depositions and re-depositions. Crown objected to this sanction because the depositions and re-depositions were not limited as to reasonableness and scope. This Court finds Crown's objection to this sanction to be without merit, as Judge Payson specifically ordered Crown to notify this Court of any objections it had to Nudd or Underhill's proposed list of deponents. (Docket #229 at 33). Judge Payson has thus reserved the determination on the reasonableness and scope of the depositions until such time as the parties have conferred on this issue. Should the parties be unable to reach an agreement as to the reasonableness and scope of the depositions and re-depositions, Judge Payson has specifically provided a procedure for this determination (*i.e.* this Court will consider any objections and make a determination as to the appropriateness and reasonableness of any deponents or re-deponents). This Court agrees with Judge Payson that this is an appropriate sanction for the failure to timely produce evidence and

9

that the parties should first confer as to the scope and reasonableness of such depositions and re-depositions. Therefore, I adopt Judge Payson's Report and Recommendation in its entirety on this point.

　　II. <u>Costs and Attorney's Fees</u>

Judge Payson also recommended that Crown reimburse Nudd and Underhill for their attorney's fees and costs associated with this Rule 37 motion for sanctions. Crown objects to this sanction stating, "the Report [and Recommendation] contains no explanation for the Court's conclusion that, notwithstanding its denial of relief demanded by Nudd and Underhill and the Court's decision to order a limited remedy of re-depositions of certain witnesses to address late-produced documents, that Nudd and Underhill are nevertheless entitled to recover fees and costs associated with unsuccessfully pursuing dismissal of Crown's case via motion for sanctions." (Docket #230 at 8). Crown contends that because Judge Payson did not recommend that this Court grant Nudd and Underhill's request to dismiss Crown's claims, that Nudd and Underhill's motion was unsuccessful, and thus that attorney's fees are an inappropriate sanction. Crown improperly characterizes Judge Payson's findings as an unsuccessful motion for dismissal of the case. To the contrary, Judge Payson recommended, and this Court agrees, that Crown should be subject to sanctions for the spoilation of documents and for the late production of documents from the pre-November 2003

period, documents from Kyriacopoulus, and certain engineering reports. While Judge Payson did not recommend that the case be dismissed, as requested by Nudd and Underhill, she did recommend, and this Court agrees, that sanctions are appropriate, and thus she recommends, and this Court does grant Nudd and Underhill's motion for sanctions. Crown admits that an award of costs and fees is an available sanction under Rule 37 however, Crown argues, that such a sanction is inappropriate in a case where the relief sought was not granted in full. This Court disagrees with Crown's characterization of Judge Payson's findings and agrees with Judge Payson that the facts of this case support an award of sanctions and that costs and attorney's fees as well as the requirement to bear the cost of depositions and re-depositions is the appropriate remedy. This Court finds that the sanctions recommended by Judge Payson strike an appropriate balance, considering the fact the Crown does not deny that it failed to timely produce certain documents and that certain relevant documents may have been destroyed through its document retention policy and the fact that it did not institute a litigation hold.

Crown also objects to the award of costs and attorney's fees because Judge Payson did not specifically determine the amount of reasonable costs and fees to be awarded nor did the Report and Recommendation provide a method for the parties to determine the reasonableness of such fees. While Judge Payson did not specifically

11

include an instruction for the parties to submit estimates of the amount of attorney's fees and costs requested, this Court now instructs the parties to do so. This Court declines to strike the award of costs and attorney's fees simply because the reasonableness of such fees has yet to be determined. Therefore, I adopt Judge Payson's Report and Recommendation with respect to the award of costs and attorney's fees as a sanction for the discovery violations, and order the defendants, Nudd and Underhill, to submit estimates of such costs and attorney's fees, and any objections by Crown, to Judge Payson for a determination of a reasonable award of attorney's fees and costs.

   III. Engineering Reports

Crown's final objection to the Report and Recommendation rests in its contention that Judge Payson's award of sanctions based on the failure to produce certain engineering reports was erroneous because Crown objected to the production of such reports and Nudd had not previously raised the issue before filing this motion. Judge Payson found that such reports were responsive to Nudd and Underhill's discovery requests and that Crown should have timely produced the documents. Judge Payson did not recommend the award of a specific sanction for the failure to produce such reports, but instead cited the failure to produce the reports as part of a larger discovery violation involving the late-production of several categories of documents, for which she recommended that this Court

12

award sanctions.  Despite Crown's contention that Judge Payson should not have considered its failure to produce the engineering reports because it had objected to the production of such reports, this Court finds that Judge Payson correctly concluded that such reports were responsive and they were part of a larger error by Crown of failing to timely produce documents.  Crown has not shown that Judge Payson did not adequately consider its objections to such production, and thus this Court assumes that Crown's objections were considered and that Judge Payson nonetheless rejected Crown's objections and found that the documents were responsive and should have been produced.  This Court, therefore, adopts Judge Payson's Report and Recommendation on this point in its entirety.

## **CONCLUSION**

For the reasons set forth above, I affirm and adopt Judge Payson's Report and Recommendation in its entirety.  I therefore grant Nudd and Underhill's motion for sanctions, and Order Crown to bear the cost of reasonable depositions and re-depositions and to pay the reasonable costs and attorney's fees associated with defendants' motions. However, enforcement of any determination made by Judge Payson in accordance with this Order shall be stayed until further order of the Court.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca

_____

Michael A. Telesca

United States District Judge

DATED:   Rochester, New York

October 14, 2010