```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CROWN CASTLE USA INC., CROWN
CASTLE GT COMPANY LLC, CROWN
CASTLE ATLANTIC LLC, CROWN
ATLANTIC COMPANY LLC and CROWN
COMMUNICATION INC.,

                        Plaintiffs,              05-CV-6163T

            v.                                   DECISION
                                                 and ORDER
FRED A. NUDD CORPORATION, UNDERHILL
CONSULTING ENGINEERS, P.C., GEORGE R.
UNDERHILL, STEVEN F. CARINI and DEREK
R. HARTZELL,

                        Defendants.
_____
```

**INTRODUCTION**

Crown Castle USA Inc., Crown Castle GT Company LLC, Crown Castle Atlantic LLC, Crown Atlantic Company LLC and Crown Communication Inc., (collectively "Crown") brought this action against Fred A. Nudd Corporation ("Nudd"), Underhill Consulting Engineers, P.C., George R. Underhill (collectively "Underhill"), Steven F. Carini and Derek R. Hartzell (collectively "defendants") alleging breach of contract, breach of express and implied warranty and misrepresentation, as well as professional negligence against defendants. Specifically, the Amended Complaint contains one cause of action against Underhill, alleging professional negligence based on Underhill's alleged failure to "utilize [its] professional skill, knowledge and/or expertise, in accordance with applicable generally accepted professional industry standards." Docket #123 at

1

20. Crown specifically alleges that Underhill breached its professional duty by certifying defective designs, during the period from 2001 through 2003, when Nudd allegedly engaged Underhill to perform "corrections work" on several of the monopoles at issue in this litigation, and that Underhill allegedly breached a duty he owed Crown to disclose that such monopoles were defective. Id.; See also Crown's Brief in Opposition to Underhill's Motion for Summary Judgment ("Crown's Brief"), Docket # 243 at 8.

Underhill moves for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") with respect to monopoles numbered 806335, 806682, 816529, 816594, 816687, 816718 and 816795, arguing that there is no evidence that he performed any services with respect to these monopoles. See Underhill's Memorandum of Law ("Underhill's Brief"), Docket # 239 at 5. Underhill also seeks summary judgment with respect to monopoles numbered 816745 and 816592 because his review of replacement drawings for these poles in 2003 "bears no causal relationship to the damages alleged by Crown to have arisen from Crown's purchase of the monopole[s]...from a third party prior to October 2000." Id. Lastly, Underhill seeks summary judgment based on his review of the allegedly defective designs or replacement designs of certain monopoles between 2001 and 2003, because he did not owe a duty to inform Crown of any defect in these monopoles and because he did not misrepresent any alleged defect in any monopole design during

2

this period. Id. at 6-12.

Crown opposes this motion and argues that summary judgment should not be granted with respect to monopoles 806335, 806682, 816529, 816594, 816687, 816718 and 816795, despite the lack of evidence concerning Underhill, because Underhill failed to properly retain records that may have contained evidence regarding these specific monopoles. Crown's Brief at 23.  Crown argues, with respect to monopoles 816745 and 816592, that Underhill's 2003 analysis of monopole 816592 was misleading and that his replacement design for monopole 816745 was defective. Id. at 21-22.  Crown further contends that Underhill had a duty to inform Crown of any defect in the monopoles reviewed by Underhill between 2001 and 2003 and that Underhill breached this duty, and the information provided to Crown about such monopoles was incomplete and misleading. Id. at 14.

For the reasons set forth below, Underhill's motion for summary judgment is granted in its entirety.  Accordingly, Crown's Amended Complaint against Underhill is hereby dismissed with prejudice.

## BACKGROUND

This is Underhill's third motion for summary judgment concerning this case. Accordingly, this Court assumes familiarity with the procedural and factual background of this case as set forth in its previous decisions and only the most pertinent facts

3

as they relate to Underhill's motion for summary judgment are repeated here. See Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2007 WL 700901 (W.D.N.Y. March 1, 2007) ("March 2007 Order")(modified on reconsideration by Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2008 WL 163685 (W.D.N.Y.)); Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al. 2009 WL 385442 (W.D.N.Y., February 12, 2009) ("February 2009 Order"). The Court denied as premature Underhill's first motion for summary judgment, as discovery was still ongoing. See Crown Castle USA Inc. v. Fred A. Nudd Corp., et al., 2007 WL 700901 (W.D.N.Y. March 1, 2007) ("March 2007 Order"). The Court granted in part and denied in part Underhill's second motion for summary judgment, finding that (1) as to eight[1] of the monopoles at issue[2], Crown was barred from bringing its claims by the applicable statute of limitations, (2) there was no evidence that Underhill provided any professional services with respect to twenty-two[3] of the monopoles at issue, and (3) there were genuine issues of material fact with respect to whether Underhill performed any services relating to the seven monopoles

---

[1] Monopoles numbered 851860, 800629, 801511, 868142, 801343, 801719, 802128 and 804636.

[2] Crown's claims involve 39 monopoles in that were manufactured by Nudd and purchased by Crown from Nudd directly or from third parties.

[3] Monopoles numbered 801344, 806677, 816552, 816574, 816586, 816603, 816607, 816633, 816638, 816644, 816655, 816665, 816666, 816676, 816679, 816686, 816697, 816701, 816716, 816734, 816742 and 851875.

numbered 806335, 806682, 816529, 816594, 816687, 816718 and 816795. See February 2009 Order. In response to a request by Crown, following the February 2009 Order, this Court clarified in a letter that Crown's claim with respect to any alleged "corrections work" performed by Underhill from 2001 through 2003 had not been dismissed, as Underhill had not moved for summary judgement on that claim. See Docket #243-19.

## **DISCUSSION**

A party is entitled to summary judgment if it can demonstrate "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(c). On a motion for summary judgment, the court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Once the movant has " 'show[n]' " or "point[ed] out ... that there is an absence of evidence to support the nonmovant['s] case," the burden shifts to the nonmovant. See Celotex Corp. v. Catrett, 477 U.S. 317, 325-27 (1986). To discharge his burden, "a plaintiff must come forward with evidence to allow a reasonable jury to find in his favor" on each of the elements of his prima facie case. See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir.2001).

The court must draw all factual inferences in favor of the

5

party against whom summary judgment is sought and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmovant. See Anderson, 477 U.S. at 255; Celotex Corp., 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." See Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1776 (2007). The law is well established that "conclusory statements, conjecture, or speculation" are insufficient to defeat a motion for summary judgment. See Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir.1996). The nonmovant cannot survive summary judgment simply by proffering "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or presenting evidence that "is merely colorable, or is not significantly probative." See Savino v. City of New York, 331 F.3d 63, 71 (2d Cir.2003) (quoting Anderson, 477 U.S. at 249-50, (citation omitted)). Rather, he must "set out specific facts showing a genuine issue for trial." See Fed.R.Civ.P. 56(e)(2); see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.1998) ("non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of...events is not wholly fanciful.").

### A. Monopoles Numbered 806335, 806682, 816529, 816594, 816687, 816718 and 816795

Underhill argues that summary judgment is appropriate with respect to these seven monopoles because discovery has not produced evidence that Underhill performed any services related to these specific monopoles. See Underhill's Brief at 3, 5. Crown contends that summary judgment should not be granted because Underhill failed to maintain records that may have demonstrated that Underhill performed services on these monopoles[4]. See Crown's Brief at 23. Having already afforded the parties ample time[5] to conduct additional discovery relating to these seven monopoles, this Court finds that summary judgement is appropriate, as there is no evidence that would lead a reasonable juror to find in favor of Crown. See Scott, 550 U.S. at 380 (citing Matsushita, 475 U.S. at 586-587 (a grant of summary judgment is appropriate if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party).

Underhill stated in its affidavit in support of this motion that it had not perform services on these monopoles. See Docket

---

[4]This Court notes that there have been many discovery disputes in this case, including those relating to the failure of all parties to retain records appropriately. See Crown Castle USA Inc. et al. v. Fred A. Nudd Corp., et al., 2010 WL 4027780 (W.D.N.Y. October 14, 2010) (Ordering sanctions against Crown for, *inter alia*, failing to preserve relevant documents).

[5]The parties began discovery in early 2006 and have had over a year to conduct additional discovery on this particular issue since this Court's February 2009 Order.

#239-2 at 3-4. Crown's assertion that Underhill failed to retain records that may have proved otherwise is insufficient to withstand a motion for summary judgment, as it has not set forth specific facts showing a genuine issue for trial. See Fed.R.Civ.P. 56(e)(2). As there is no evidence that Underhill performed any services, including corrective services, on these seven monopoles, summary judgment is granted in favor of Underhill and all of Crown's claims against Underhill with respect to these monopoles are dismissed with prejudice.

**B.    Monopoles Numbered 816745 and 816592**

Monopoles 816745 and 816592 were acquired by Crown from a third party prior to October 6, 2000. See February 2009 Order. Underhill did not review or seal the original drawings of these monopoles. Id. Crown's claims with respect to these monopoles relate only to Underhill's review of these monopoles in 2003. See Crown's Brief at 21-22. Underhill argues that summary judgment is appropriate because Crown's alleged damages are not causally related to Underhill's review of the monopole designs in 2003 and further because Underhill did not misrepresent the defective condition of these monopoles. See Underhill's Brief at 4, 5. This Court agrees.

A sealed analysis by Underhill of monopole 816592 dated July 24, 2003, states "[w]e have completed the analysis of the [816592] tower and have found it overloaded to support the design loading."

8

See Docket #239, Exhibit 10. The July 24, 2003 analysis contains a modification drawing for monopole 816592 that Underhill claims could have corrected the problem, but the modification was not utilized by Crown. See Docket #239-2 at 4. Therefore, Underhill argues, there is no causal relationship between the damages that Crown alleges from its ownership of monopole 816592 and Underhill's 2003 analysis of the monopole and its potential modification. See Underhill's Brief at 5.

Crown argues that the Underhill's analysis of monopole 816592 was misleading, however the analysis specifically states that the monopole was "overloaded to support the design loading." This Court does not find that the analysis by Underhill was misleading, particularly in light of the fact that Crown was already aware (or should have been aware) as early as 2001 of a potential problem with the design loading of Nudd monopoles. See e.g., Docket # 239-15, 16 and 26. Any damage suffered by Crown cannot be the proximate result of Underhill's review of the monopole, as Underhill informed Crown of the defect in the monopole design and offered Crown a possible solution to this problem. Further, Crown did not implement Underhill's suggested modification of this monopole. Therefore, this Court grants summary judgment in favor of Underhill with respect to monopole numbered 816592, because Underhill did not review the original design of this monopole and did not misrepresent the defective condition of this monopole.

9

Accordingly, Crown's claim with respect to the allegedly defective design of this monopole presents no trial issue of fact and is dismissed with prejudice.

Crown's claim with respect to the allegedly defective design of monopole 816745 is even more tenuous, as Underhill merely reviewed a design for a <u>replacement</u> monopole, which was not implemented by Crown. <u>See</u> Docket 239-2 at 5. Crown argues that an expert reviewed the design sealed by Underhill and concluded that the "monopole design was in error." <u>See</u> Crown's Brief at 21. However, even assuming that this design was in error, Crown could not have suffered any damage from Underhill's sealing of this design because it was never implemented to replace monopole 816745. Therefore, this Court grants summary judgment in favor of Underhill with respect to monopole 816745 and Crown's claim with respect to the allegedly defective design of this monopole is dismissed with prejudice.

### C. <u>Crown's Alleged "Corrections Work" Claims</u>

Crown contends that its claim with respect to the corrections work allegedly performed by Underhill from 2001 through 2003 relates to all 39 monopoles. <u>See</u> Crown's Brief at 5. While this Court did not dismiss Crown's claims with respect to the alleged corrections work, this Court previously found that Underhill performed work on the Nudd monopoles on a pole-by-pole basis. <u>See</u> February 2009 Order. Accordingly, Crown's claims relating to the

monopoles for which this Court found that Underhill (a) did not perform any services[6] or (b) did not perform any services within the applicable statute of limitations[7] did not survive this Court's February 2009 Order. Therefore, this Court finds that the scope of Crown's claim based on the alleged corrections work includes only those monopoles for which Underhill performed corrective services within the applicable statute of limitations. Accordingly, Crown's alleged corrections work claim applies only to monopoles numbered 816745 and 816592.

This Court has already determined that any damages allegedly suffered by Crown relating to his ownership of monopoles 816592 and 816745 are not causally related to Underhill's actual work on either of these monopoles. See supra at 8-10. However, Crown alternatively contends that it suffered damages due to Underhill's failure to inform Crown of the defects in the monopoles. Crown argues that Underhill had a duty to inform Crown (a third party with whom Underhill did not contract) of the potentially defective condition of the Nudd monopoles. See Crown's Brief at 8-21. Crown supports its argument by citing its expert opinion that Underhill

---

[6] Monopoles numbered 801344, 806677, 816552, 816574, 816586, 816603, 816607, 816633, 816638, 816644, 816655, 816665, 816666, 816676, 816679, 816686, 816697, 816701, 816716, 816734, 816742, 851875, 806335, 806682, 816529, 816594, 816687, 816718 and 816795.

[7] Monopoles numbered 851860, 800629, 801511, 868142, 801343, 801719, 802128 and 804636.

11

had an affirmative duty to ensure that Nudd notified its customers of the allegedly defective monopoles and to notify such customers in the event that Nudd failed to do so. <u>Id.</u> at 15-16. Crown also cites an administrative regulation promulgated by the New York State Department of Education to support its claim that Underhill had a duty to inform Crown of the allegedly defective condition of the monopoles. <u>Id.</u> at 10-13. Underhill argues, and Crown concedes, that the New York Courts have not recognized such a duty. Crown contends, however, that the New York Courts have not affirmatively rejected the duty, and the facts of this case support a finding that such a duty exists.

This Court does not find that Nudd's engagement of Underhill between 2001 and 2003 created a separate and distinct duty on the part of Underhill to inform any foreseeable Nudd customer that Nudd's product was potentially defective. This Court rejects Crown's invitation to find that, even though the New York Courts have not adopted such an affirmative duty, this Court should so find. To the contrary, the New York Courts have been reluctant to expand the duty of design professionals to third parties where the alleged injury is economic and privity of contract is lacking. <u>See</u> <u>Ossining Union Free School Dist. V. Anderson LaRocca Anderson</u>, 73 N.Y.2d 417 (1989); <u>See</u> <u>also</u>, <u>Sykes v. RFD Third Ave. 1 Associates, LLC</u>, 67 A.D.3d 162 (1st Dep. 2009). Therefore, this Court declines to find that such a duty exists in this case. Additionally, this

12

Court notes that, even if such a duty were to exist, Crown knew, or should have known, as early as 2001 (well beyond the applicable statute of limitations) that at least one of its Nudd manufactured monopoles may have been defective. See Docket #239-26. Therefore, any failure by Underhill to notify Crown of a defect within the applicable statute of limitations could not have resulted in the damages alleged by Crown, because Crown already knew, or should have known, of the defect.

The only duty Underhill owed to Crown was to refrain from making any negligent misrepresentation regarding the monopoples reviewed by Underhill and owned by Crown. See Ossining 73 N.Y.2d at 424. In order to establish a negligent misrepresentation claim, Crown must establish, *inter alia*, that the information supplied was known by Underhill to be false and that Crown relied on this information to its detriment. See Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20-21 (2d Cir. 2000). This Court has already determined that the representations made with respect to monopoles 816745 and 816592 were not false. To the contrary, Underhill directly informed Crown, by sealing the July 2003 analysis of monopole 816592, that the monopole was overloaded to support the design loading and Underhill suggested a modification to fix the problem. Similarly, Underhill did not make any representation with respect to the Crown owned monopole 816745, because the representation made related to a replacement for

13

monopole 816745 that was never utilized by Crown. Additionally, as Crown knew as early as 2001 of a potential problem with the Nudd monopoles, Crown cannot claim to have relied to its detriment on Underhill's assertion in 2003 that there <u>was</u> a problem with monopole 816592 and his endorsement of a <u>replacement</u> pole for 816745. Accordingly, Underhill's motion for summary judgment is granted and Crown's Amended Complaint is dismissed with prejudice as to Underhill.

## **CONCLUSION**

For the reasons set forth above, this Court grants Underhill's motion for summary judgment in its entirety. Crown's Amended Complaint is hereby dismissed as to all claims made against Underhill with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
December 29, 2010